**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

v.                                                                                              5:17-CR-386 (NAM)

**BOBBIE JO BROWN,**

        **Defendant.**

---

**APPEARANCES:**

Carla B. Freedman
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorney for the United States*

Bobbie Jo Brown
Inmate No. 25144-052
FDC – Philadelphia
P.O. Box 562
Philadelphia, PA 19105
*Defendant*

Courtenay K. McKeon
Office of the Federal Public Defender
4 Clinton Square, Third Floor
Syracuse, NY 13202
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

**ORDER**

    Now before the Court is Defendant's renewed motion for compassionate release and/or home confinement due to the COVID-19 pandemic. (Dkt. Nos. 24, 31). The Government opposes the motion. (Dkt. No. 27).

1

**I.      BACKGROUND**

Defendant was sentenced on September 27, 2018 to 36 months imprisonment following her plea of guilty to one count of conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  (Dkt. No. 15).  Defendant is now 45 years old and is being held at FDC Philadelphia, with a projected release date of July 6, 2021.[1]

Defendant filed her initial motion for compassionate release on April 13, 2020 (Dkt. No. 17), which the Court denied without prejudice because Defendant had not exhausted her administrative remedies, (Dkt. No. 21).  Now Defendant renews her motion arguing that "[t]he only way to minimize [her] risk of contracting the virus is to allow her to quarantine at home."  (Dkt. No. 24, p. 8).  Defendant has also submitted her petition to the BOP, dated April 4, 2020, which "requested "[i]mmediate [r]elease to [h]ome [c]onfinement placement [d]ue to the Cares Act Section 12003."  (Dkt. No. 24-1, p. 2).  The BOP interpreted Defendant's petition as a request for home confinement, and ultimately denied that request on April 20, 2020.  (Dkt. No. 27-4, p. 2).

**II.     LEGAL STANDARD**

Generally, courts "may not modify a term of imprisonment once it has been imposed" except when expressly permitted by statute.  18 U.S.C. § 3582(c).  However, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), authorized courts to *reduce* a term of imprisonment where:

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

---

[1] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (July 8, 2020).

2

> facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id*. In sum, compassionate release is only appropriate when the following conditions are met: (1) the exhaustion requirement is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support reduction; and (4) the reduction is consistent with the Sentencing Commission's policy statements.

## III. DISCUSSION

First, Defendant's motion must be denied to the extent that she requests immediate release to home confinement. (*See* Dkt. No. 24, p. 8). The authority to approve an inmate's request for home confinement lies with the BOP alone. *See* 18 U.S.C. § 3624(c)(2); *see also United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) ("[I]t is well established that the district court does not control how the Executive Branch carries out a defendant's sentence.") (citing 18 U.S.C. § 3621(b)). The BOP has already denied Defendant's request for home confinement, finding that she was ineligible because her "pattern risk score" was higher

3

than the required criteria, and because she had received several incident reports for her conduct within the past year, which included "possession of drugs" and "being insolent to a staff member." (Dkt. No. 27-4, p. 2). The Court lacks authority to countermand this decision.

Next, Defendant's motion must be denied to the extent she seeks compassionate release. As the Court previously explained, Defendant is required to petition the Warden of her facility *for compassionate release* before seeking such relief in a judicial forum. Defendant has submitted her petition to the Warden, which expressly seeks "immediate release to home confinement," not compassionate release. (Dkt. No. 24-1, p. 2). The distinction is critical because home confinement is the continuation of a prison term, whereas compassionate release is the termination of one. Therefore, Defendant has once again failed to demonstrate exhaustion of administrative remedies, which is a prerequisite to a motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A).

Moreover, even assuming exhaustion, Defendant's motion fails on the merits. Defendant argues that her present health conditions and the COVID-19 pandemic qualify as extraordinary and compelling reasons for release. (*See* Dkt. Nos. 24, 31). However, the Government has submitted medical records from the BOP, which appear to show that Defendant's health conditions are generally stable and well-treated. (Dkt. No. 27-5). The Government has also submitted an affidavit from Daniel Gindville, the Case Management Coordinator at FDC Philadelphia, which details the measures being taken by the BOP to protect inmates. (Dkt. No. 27-3). Gindville states that FCD Philadelphia has adopted certain quarantine and testing protocols to reduce the risk of COVID-19 transmission between inmates, and inmates are now limited in their movements between units. (*Id.*, ¶¶ 4–9). As of June 25, 2020, Gindville stated that the facility had four inmates who tested

positive for COVID-19 and two inmates who recovered.  (*Id.*, ¶ 11).  As of July 8, 2020, the BOP reports that there are three "confirmed active cases" of COVID-19 among inmates and staff at FDC Philadelphia, which indicates that the safety measures taken by the BOP have been somewhat successful.[2]  Under these circumstances, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" warranting a reduction of her sentence.  In reaching this conclusion, the Court has considered Defendant's age, present health status, and the current circumstances at FDC Philadelphia.

Finally, the Court has also considered the balance of factors under 18 U.S.C. § 3553(a), which weigh against early release, particularly given the seriousness of Defendant's original offense, her conduct while incarcerated, and her past criminal conduct, which includes repeated drug offenses, fraud, and violence.  (*See generally* Dkt. No. 9, ¶¶ 24–41; Dkt. No. 27-6, p. 2).  The Court also notes that Defendant has roughly one year remaining on her sentence.

Wherefore, it is hereby

**ORDERED** that Defendant's renewed motion for compassionate release and/or home confinement (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated:  July 8, 2020
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge

---

[2] Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (July 8, 2020).